IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SONU SHARMA,<br>375 /s Grant Ave., Apt. B<br>Columbus, Ohio 43215<br><br>Plaintiff,<br><br>vs.<br><br>TECHIMPULSE SOLUTIONS, INC.<br>12326 Daisy Lane<br>Frisco, Texas 75035<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Sonu Sharma, by and through undersigned counsel, and for his Complaint against Techimpulse ("Impulse"), states and alleges the following:

## INTRODUCTION

1. This is an action instituted by Plaintiff as a result of Defendant's practices and policies of failing to pay him overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek under the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant conducts

business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of Franklin County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant is a for-profit corporation, organized and existing under the laws of the State of Texas, with its principal place of business at 12326 Daisy Lane, Frisco TX 75035.

7. Upon information and belief, the Defendant is not registered to do business in the State of Ohio.

8. At times relevant herein, Defendant conducted business in Franklin County, Ohio.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

13. Defendant Techimpulse is a business which provides information technology support for companies.

14. Plaintiff was first employed by Techimpulse as a quality assurance analyst.

15. Plaintiff was required to work from a facility operated by Designer Brands/DSW Inc.'s information technology office in Columbus, Ohio on a full-time basis.

16. His job duties required him to read documentation on customer's retail websites and perform functionality tests to determine if the website was working properly.

17. Plaintiff would then have to report his findings to his team leader, Prasad Paruchuri.

18. Plaintiff was scheduled to work from 9 a.m. until 5 p.m. but was required to work until 7 p.m. every second day.

19. Defendant recorded Plaintiff's work hours as 9 a.m until 5 p.m. every day despite requiring him to work late every other day.

20. Defendant docked Plaintiff's pay two hours if he needed to stop work early.

21. Defendant deducted Plaintiff's pay one hour every day for lunch.

22. However, Plaintiff was required to work through lunch every other day.

23. On the days when Plaintiff was able to take a lunch break, it only lasted 30-40 minutes.

24. Plaintiff did not have the authority to hire or fire other employees, nor did he have the authority to review their performance.

25. Plaintiff was not responsible for interviewing or selecting employee applicants.

26. Plaintiff did not have the authority to determine rates of pay or hours of work of other employees.

27. Plaintiff did not maintain production records for any employee.

28. Plaintiff did not have the authority to plan or control a budget.

29. Plaintiff estimates that he worked on average approximately 45 hours per week for Defendant during his employment.

30. Plaintiff was not paid overtime for all work over 40 hours in a workweek.

31. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff.

## COUNT ONE
### (Fair Labor Standards Act Violations)

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Defendant's practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

34. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

35. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

36. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid wages;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Robert B. Kapitan
One of the Attorneys for Plaintiff